IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>Joseph Miguel Valdez,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 2:20-cr-00013-DBB<br><br>District Judge David Barlow |

      This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in response to the outbreak of the Coronavirus Disease (COVID-19) in the District of Utah.

      On March 13, 2020, a National Emergency was declared in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic. The numbers of confirmed COVID-19 cases and deaths within the United States continue to be very high. The United States has more COVID-19 cases than any other country.

      The Centers for Disease Control and Prevention (CDC) has issued guidance to combat the spread of COVID-19 and to promote the health and well-being of the nation. This guidance includes recommendations that all Americans avoid close contact with others (*i.e.*, being within six feet), among other things. Despite this guidance, the CDC continues to report many thousands of new COVID-19 cases in the United States each day. And available evidence suggests there is difficulty in accurately tracking the spread of COVID-19 because many cases go undetected due to varying degrees of symptoms and a lack of available testing. Overall, the

daily number of reported new infections is generally increasing again both in Utah and throughout the United States.

In Utah, Governor Gary Herbert recently renewed an Executive Order placing Utah in a state of emergency on September 19, 2020, and while restrictions have been imposed and relaxed, new daily cases of COVID-19 in Utah continue at concerning numbers. COVID-19 continues to be a risk to the general public, particularly when engaged in group activities in small spaces. Persons who are older, immunocompromised or who suffer from certain medical conditions—many of which are common—are particularly at risk.

Additionally, the Court has issued several General Court Orders in response to the outbreak of COVID-19 in the District of Utah.

- General Order 20-008 placed restrictions on visitors to the District's courthouse effective March 12, 2020, until further order.

- General Order 20-009 postponed most civil and criminal proceedings, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[1] for all criminal cases in the District from March 16, 2020, through May 1, 2020.

- General Order 20-010 modified court operations for some criminal proceedings and offender supervision effective March 23, 2020, until further order.

- General Order 20-011 expanded video and teleconferencing capabilities for many criminal proceedings under the Coronavirus Aid, Relief, and Economic Security Act effective March 31, 2020, and continuing for 90 days.

- General Order 20-012 extended the postponement of most civil and criminal proceedings to June 15, 2020 and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through June 15, 2020.

- General Order 20-017 extended the postponement of most civil and criminal proceedings to August 1, 2020 and included findings and conclusions for an "ends of justice"

---

[1] 18 U.S.C. § 3161(h)(7)(A).

exclusion of time under the Speedy Trial Act for all criminal cases through August 1, 2020.

- General Order 20-020 renewed findings made in General Order 20-011 and extended for up to 90 additional days – through October 8, 2020 – the authorizations made under the CARES Act for expanded video and teleconferencing capabilities in many criminal cases.

- General Order 20-021 generally continued the status quo throughout the Court and extended relevant deadlines through September 1, 2020. It also describes the Court's four phase reopening plan and the gating criteria.

- General Order 20-026 provided for resumed in-person proceedings at the discretion of individual judges in critical cases but extended the postponement of civil and criminal jury trials to October 1, 2020. It also included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through October 1, 2020.

- General Order 20-028 extended the emergency provisions of the CARES Act for an additional 90 days.

- General Order 20-029 extended the postponement of civil and criminal jury trials to November 2, 2020. It also included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through November 2, 2020.

- General Order 20-030 extended the postponement of civil and criminal jury trials to February 1, 2021, pending further order of the Court. It also included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through February 1, 2021.

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[2] However, based on the ongoing nature of the COVID-19 outbreak in the District, the effect of national and local public health recommendations and directives, and the findings and conclusions in General Orders 20-009 through 20-012, 20-017, 20-020, 20-021, 20-026, 20-028, 20-029, and 20-030, it

---

[2] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

is necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial Act. The high number of COVID-19 cases and deaths nationally, and in Utah, demand modifications in court practices to protect the public health. Courts and court operations are necessarily social operations, involving many people.

The need to protect the health of the public during a deadly pandemic outweighs the rights of Defendant and the public to a speedy trial. Moreover, there is a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible in the physical facilities available to the court. Long exposure in confined spaces, which is inherent in trial, increases risk of infection. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced.

A failure to continue trial under these circumstances would result in a miscarriage of justice[3] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[4] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and

---

[3] 18 U.S.C. § 3161(h)(7)(B)(i).
[4] *Id*. § 3161(h)(7)(B)(iv).

Defendant in a speedy trial.[5] This continuance is not predicated on general congestion of the court's calendar or lack of diligent preparation by counsel.[6]

## ORDER

IT IS HEREBY ORDERED that the 3-day jury trial previously scheduled to begin on November 13, 2020 is continued to the 19th day of February, 2021 at 9:00 a.m.  Accordingly, the time from the entry of General Order 20-009, March 16, 2020, and the new trial date is excluded from Defendant's speedy trial computation for good cause.

SO ORDERED this 30th day of October, 2020.

BY THE COURT:

David Barlow
United States District Judge

---

[5] *Id*. § 3161(h)(7)(A).
[6] *Id*. § 3161(h)(7)(C).