UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH MIGUEL VALDEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO VACATE, SET<br>ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:21-cv-00509<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Joseph Miguel Valdez pleaded guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) on April 16, 2021, before Chief Magistrate Judge Pead. *See United States v. Valdez*, 2:20-cr-13, Dkt. No. 58. At the conclusion of that hearing, however, Mr. Valdez did not sign the statement in advance of plea. On June 15, 2021, Mr. Valdez appeared before Judge Barlow for sentencing. *See Valdez*, 2:20-cr-13, Dkt. No. 65. When Mr. Valdez expressed reluctance to sign the statement in advance of plea because he would not receive credit under the plea agreement for all of the time he had spent in state prison, Judge Barlow explained that he would not proceed to sentencing unless Mr. Valdez signed the statement. *See id.* at 20:05–25:15. The Government made clear that it would give Mr. Valdez credit for two of the months he had spent in prison but that its plea offer was otherwise nonnegotiable. *See id.* at 11:30–13:56. After an extended colloquy between Mr. Valdez, Judge Barlow, and counsel for both sides, Mr. Valdez signed the statement in advance of plea with a

plus sign. *See id*. at 33:03. He was then sentenced to 34 months incarceration. *See Valdez*, 2:20-cr-13, Dkt. No. 69.

Mr. Valdez subsequently filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence. He makes three arguments in support of relief: (1) he received ineffective assistance of counsel because his lawyer failed to file several motions he requested; (2) his guilty plea was involuntary because he was coerced by Judge Barlow and his lawyer; and (3) his guilty plea was involuntary because he was coerced by pretrial detention that exposed him to COVID. *See* Dkt. No. 1 at 5–10.

Rule 4 of the Rules Governing § 2255 Proceedings requires the court to promptly examine the motion and dismiss it if it "plainly appears from the motion, any attached exhibits, and the records of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings in the U.S. District Courts. Only if the motion survives this threshold review is the Government required to respond. *See id*. After examining Mr. Valdez's motion and the record of the proceedings in this case, the court finds it plainly apparent that no relief is warranted.

To state a viable claim for ineffective assistance of counsel, Mr. Valdez "must show both that his counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced the defense.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (emphasis omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). The first prong is "highly deferential." *Id.* at 1168. Under the second prong, Mr. Valdez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." *Hooks v. Workman*, 689 F.3d

1148, 1186 (10th Cir. 2012). Since Mr. Valdez cannot demonstrate prejudice, there is no need to consider the adequacy of his counsel's performance.

Mr. Valdez alleges that his lawyer was ineffective because she failed to file several motions that he requested, even after he wrote detailed letters containing points to argue, case law, and examples. Mr. Valdez claims that after his lawyer ignored two such letters, he drafted and filed motions himself. Judge Barlow acknowledged at the hearing that he had received these letters, styled as motions, and made two points. First, he informed Mr. Valdez that because he was represented by counsel, he was not permitted to file motions on his own and the court thus would not treat the letters as motions. More important for current purposes, however, Judge Barlow also specifically said that he had carefully reviewed these letters, considered the arguments made, and determined that they provided no grounds for relief even if they were treated as motions. It follows that Mr. Valdez cannot demonstrate a reasonable probability that the result of the proceeding would have been different had these motions been filed by his lawyer. *See Strickland*, 466 U.S. at 694.

Next, Mr. Valdez claims that although he did not want to plead guilty, he was "coerced, threatened, and intimidated by [his] attorney . . . and Judge Barlow" at the sentencing hearing to sign the statement in advance of plea. Dkt. No. 1 at 5. Based on its review of the recording of the sentencing hearing, however, the court concludes that there is no basis whatsoever for the assertion that Judge Barlow coerced Mr. Valdez in any way. To the contrary, Judge Barlow specifically stated that if Mr. Valdez did not feel comfortable signing the statement, then Judge Barlow was not comfortable proceeding with sentencing and would instead recess the hearing so that Mr. Valdez could decide whether he wished to withdraw his guilty plea. Judge Barlow also asked Mr. Valdez directly—more than once—if he wished to withdraw his earlier plea and

offered him time to consider doing so. The fact that Judge Barlow afforded Mr. Valdez ample

opportunity to withdraw his guilty plea or to take additional time to consider whether to do so

also undermines Mr. Valdez's claim that he was coerced by his attorney at the hearing.

Considering all of the circumstances and based on its review of the recording of the sentencing

hearing, the court concludes that no coercion took place at that hearing.

Finally, Mr. Valdez asserts that he was coerced to plead guilty by pretrial detention

during the ongoing pandemic that exposed him to COVID. Pretrial detention, however, is a

constitutionally permissible exercise of the government's regulatory power. *See United States v.*

*Salerno*, 481 U.S. 739, 752 (1987). While a guilty plea is invalid if produced "by actual or

threatened harm or by mental coercion overbearing the will of the defendant," not all pressures to

plead are impermissible. *Brady v. United States*, 397 U.S. 742, 750 (1970). Even assuming that

pre-trial detention influenced Mr. Valdez's decision to plead guilty, it does not follow that it was

impermissibly coercive. *See United States v. Malik*, 615 F. App'x 911, 915–16 (10th Cir. 2015)

(noting that the defendant "has not produced a single case in which a guilty plea was invalidated

as coercive due to allegedly excessive pretrial detention" (quotation omitted)). Indeed, holding

that it was so would render all guilty pleas entered after pre-trial detention invalid. And while

pretrial detention is no doubt more onerous during the current pandemic, it remains lawful, and

Mr. Valdez proffers nothing that could support a conclusion that he was deliberately exposed to

COVID. In addition, Mr. Valdez's statement in advance of plea explains that his "decision to

enter this plea was made after full and careful thought" and was not the result of "threats,

promises, or representations" other than the plea agreement. *Valdez*, 2:20-cr-13, Dkt. No. 66 at 7.

Given these voluntary statements and the permissible nature of his pretrial detention, the court

concludes that Mr. Valdez's pretrial detention was not so coercive as to invalidate his guilty plea.

For the foregoing reasons, Mr. Valdez's 28 U.S.C. § 2255 motion is DENIED.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings in the U.S. District Courts. Under 28 U.S.C § 2253, a Certificate of Appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c). This standard requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The court concludes that the issues raised by Mr. Valdez do not meet this standard.

A Certificate of Appealability is accordingly DENIED.

IT IS SO ORDERED.

DATED this 5th day of November, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

5